UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION 2015 JUN 30 A 10: 27

|  |  |  |
|---|---|---|
| JACK JACKSON, | ) | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civil Action No. 3:15-CV-459 |
| v. | ) |  |
|  | ) |  |
|  | ) |  |
| O & J INVESTMENTS, L.L.C., | ) |  |
| a Domestic Limited Liability Company, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## COMPLAINT

Plaintiff, JACK JACKSON, through undersigned counsel, hereby files this Complaint and sues O & J INVESTMENTS, L.L.C., for injunctive relief, attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 *et. seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et. seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.     Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C

1

§ 1391(b) in that all events giving rise to this lawsuit occurred in this District, specifically Lee County.

3.      At the time of the Plaintiff's visits to Dollar General Store #09600, prior to instituting the instant action, JACK JACKSON (hereinafter referred to as "JACKSON" or "PLAINTIFF") was a resident of the State of Alabama, suffered from what constitutes a "qualified disability" under the ADA, and used a wheelchair for mobility.  As a result of a high impact automobile crash in 2013, JACKSON has suffered multiple severe fractures of his pelvis, femur, and tibia which did not heal properly or completely. Since the crash JACKSON'S injuries and complications resulting therefrom have caused him to suffer from continued debilitating ambulatory limitations. JACKSON requires a wheelchair for mobility as his condition absolutely inhibits the major life activity of walking and substantially limits him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited Dollar General Store #09600, at 2000 Marvyn Parkway, Opelika, Alabama, but was denied full and equal access to, and full and equal enjoyment of, the facilities within and about the Dollar General Store #09600, which is the subject of this lawsuit.

4.      The Defendant, O & J INVESTMENTS, L.L.C., a Domestic Limited Liability Company, is authorized to conduct, and is conducting, business within the State of Alabama. Upon information and belief, Defendant O & J INVESTMENTS,

2

L.L.C., (herein elsewhere referred to as "DEFENDANT") is the owner of the real property and fixtures comprising the discount variety store known as Dollar General Store #09600, located at 2000 Marvyn Parkway, Opelika, Alabama. As such, O & J INVESTMENTS, L.L.C., maintains control over the subject location and at all times relevant hereto participated in the design, construction and/or decisions regarding any subsequent necessary and/or required modifications of same.

5. All events giving rise to this lawsuit occurred in the State of Alabama. Venue is proper in this Court as the premises are located in Opelika, Lee County in the Middle District, Eastern Division.

## COUNT I – VIOLATION OF THE ADA

6.    On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et. seq.,* wherein commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7.    As a result of the enactment of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, the Defendant's violations of this Act as alleged herein by the Plaintiff are intentional violations of Title III of the ADA and intentional acts of discrimination against the Plaintiff.

3

8.     Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the facility where Dollar General Store #09600 is located at 2000 Marvyn Parkway, Opelika, Alabama is a place of public accommodation; to wit: a retail facility containing retail establishments providing retail merchandise, groceries, and other consumer items for sale to the public.

9.     Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building, parking facilities, and/or facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

10.    Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Dollar General Store #09600 located at the subject facility owned, controlled, and maintained by the Defendant, O & J INVESTMENTS, L.L.C., in derogation of 42 U.S.C. § 12101 *et. seq.,* and as prohibited by 42 U.S.C. § 12182 *et. seq.*, and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(iv), where such removal is readily achievable.

11.    The Plaintiff has been unable to and continues to be unable to enjoy equal access to, and the benefits of equal services at the subject location owned, controlled, and maintained by the Defendant. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full, safe, and equal access to

4

all of the benefits, accommodations and services offered within and about the subject

facility owned, controlled, and maintained by Defendant, O & J INVESTMENTS,

L.L.C. The Plaintiff's access was inhibited by and he personally encountered each

of the described barriers to equal access detailed in this Complaint which remain at

the subject location in violation of the ADA. Because of the foregoing, the Plaintiff

has suffered an injury-in-fact in precisely the manner and form that the ADA was

enacted to guard against.

12.    The Plaintiff resides near the area where the subject facility is located

and frequently travels to the area of the subject facility.

13.    The Plaintiff continues to desire and intends to visit the subject Dollar

General Store #09600 in Opelika, Alabama in the future with the same frequency as

he has previously but continues to be injured in that he is unable to enjoy equal

access and continues to be discriminated against due to the barriers to equal access

that remain at and about the subject location in violation of the ADA. Absent

remedial action by the Defendant, Plaintiff will continue to encounter the

architectural barriers to equal access described herein and as a result, be

discriminated against by Defendant on the basis of his disability. Plaintiff has been

discriminated against and continues to have reasonable grounds for believing that he

will be discriminated against in the future because of the Defendant's continuing

deliberate and knowing violations of the ADA. Due to the definiteness of his future

5

plans to visit the subject facility, there exists a genuine threat of imminent future injury.

14.    Prior to filing this complaint, Plaintiff provided written notice, through counsel, to Defendant which identified specific architectural barriers at the subject facility which constitute discriminatory barriers to equal access to Plaintiff and others similarly situated. Despite said notice, Defendant has failed to remove the discriminatory barriers to equal access and violations of the ADA at the subject facility which affect persons bound to wheelchairs. Defendant's failure to remove said barriers to equal access are therefore knowing and intentional violations of Title III of the ADA and knowing and intentional acts of discrimination against the plaintiff.

15.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

16.    The Defendant's subject facility is in violation of 42 U.S.C. § 12181 *et. seq.*, the ADA and 28 C.F.R. § 36.302 *et. seq.*, and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

> a.  Failure to provide adequately compliant accessible parking within the parking lot which meet the requirements of accessible parking under the ADA, including but not limited to failing to provide

6

accessible access aisles servicing existing designated accessible parking due to said access aisles obstruction by the location of existing built-up curb ramps within same.

b.  The existing built-up curb ramps servicing the designated accessible parking at the subject facility fail to comply with the designated ADA allowances for curb ramp design specifications.

17.   There are other current barriers to equal access and violations of the ADA which affect persons which require wheelchairs for mobility, such as the plaintiff, that exist at the subject facility which have not been specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only after a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

18.   To date, the barriers identified herein and other violations of the ADA still exist at the subject facility and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.   Pursuant to the ADA, 42 U.S.C. § 12101 *et. seq.*, and 28 C.F.R. § 36.304, the Defendant was required to remediate the subject facility, a place of public accommodation, to be accessible to persons with disabilities. To date, Defendant has failed to comply with this mandate.

20.   The remediation of barriers and accommodations sought by Plaintiff in

7

this Complaint are readily achievable, technically feasible, structurally practicable, will not result in a significant loss of marketing and/or sales space, will not cause an undue burden on Defendant, will not alter the fundamental nature of Defendant's business, and will not pose a direct threat to the health or safety of others.

21.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

22.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby requests judgment against the Defendant and requests the following relief:

A. That the Court declare that the subject property and subject facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

B. That the Court enter an Order requiring the Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to

8

the full extent required by Title III of the ADA;

C. That the Court enter an Order requiring Defendant to cease business operations at the subject facility for such reasonable time so as to allow the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, and undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs, (including expert fees) and litigation expenses, and such other and further relief of suit, to the Plaintiff; and

E. That the Court award such other and further preventive relief as it deems necessary, just and proper.

Dated this the 25th day of June, 2015.

FULMER LAW FIRM, P.C.

John Allen Fulmer (ASB-1089-O42F)
126 N Broadnax Street
Dadeville, AL 36853
Telephone: (256) 825-9310
Facsimile: (256) 825-8657
jaf@jafulmerlaw.com
*Attorney for Plaintiff*

9